SOUGSTAD, Respondent, vs. ZILS, Appellant.

*March 9—May 1, 1923.*

*Automobiles: Passing street cars: Negligence: Taking on or discharging passengers: Stopping places other than at street intersections: Contributory negligence.*

1. While sub. 1, sec. 1636—49, Stats. 1921, providing that the operator or driver of any vehicle proceeding in the same direction as a street car shall stop while the street car is actually taking on or discharging passengers, applies only to stops made at the crossings or intersections of public streets, a jury may well find under a given state of facts that ordinary care would require an automobile driver to stop if a street car is taking on or discharging passengers at points other than crossings or street intersections; and in an action to recover for injuries received by the plaintiff, who upon alighting from a street car at a regular stopping place on a viaduct was struck by defendant's automobile, a finding of negligence on the part of the defendant is *held* fully justified by the evidence.

2. Passengers on a street car have a right to assume that automobile drivers will give them a reasonably safe space in which to alight near the car and stand with immunity from passing vehicles.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Personal injury. The case was tried before a court and a jury and a special verdict was rendered. The complaint alleges that the plaintiff was a passenger on a street car owned and operated by the Milwaukee Electric Railway & Light Company, whose railway tracks cross the Twenty-seventh street viaduct; that the car was stopped on the viaduct at a place where there were steps leading down from the viaduct to industrial plants; that the plaintiff alighted from the front end of the car, when she was run down by an automobile going in the same direction as the car, resulting in injuries. Negligence of the defendant was alleged. The answer denied negligence on the part of the defendant, and alleged the negligence of the plaintiff. The jury found defendant guilty of negligence which was the proximate cause of the injury, and freedom of negligence on the part of the plaintiff, and assessed damages at $2,500. The defendant made the usual motions to change the answers in the verdict, which were denied, and judgment entered for the plaintiff. Defendant appeals and assigns as errors: that the verdict was contrary to law; contrary to evidence; perverse; that the court erred in admitting and rejecting evidence; in its charge to the jury; and that the damages are excessive.

For the appellant there was a brief by *Lines, Spooner & Quarles,* of counsel, and oral argument by *Charles B. Quarles* and *C. F. Rouiller,* all of Milwaukee.

For the respondent there was a brief by *Padway, Thompson & Skolnik,* attorneys, and *Charles S. Thompson,* of counsel, all of Milwaukee, and oral argument by *Charles S. Thompson* and *Joseph A. Padway.*

CROWNHART, J.   It appears that the street car company ran a motor street car with a trailer at the time in question across the Twenty-seventh street viaduct in Milwaukee.   The plaintiff was on the motor car and alighted from the front door.   There is evidence that she was struck by defendant's automobile, going in the same direction as the street car, immediately after stepping to the pavement. 'There is also evidence that the automobile shot by the front door of the trailer at a rapid rate of speed.   The motorman testified that he slowed up for the stop gradually, and came to a slow stop. It appears that the place where the car stopped was a regular stopping place for passengers to get on and off, and that there was a sign at this place, "Cars stop here."   The defendant did not deny at the trial that there was such a custom, nor such a sign, nor that he knew such facts.   From the evidence the jury may well have come to the conclusion that the defendant attempted to run by the cars before the passengers alighted, and negligence might well be inferred. It is claimed on the part of the defendant that the place where the car stopped was not a crossing or intersection of public streets, and that he was not required to stop by 'reason of sub. 1, sec. 1636—49, Stats. 1921, which reads as follows:

"The operator or driver of any vehicle, when any street car proceeding in the same direction is actually taking on or discharging passengers at the crossings or intersections of any public streets or highways, shall stop such automobile, motor truck, motor delivery wagon, passenger automobile bus, motorcycle or other similar motor vehicle, until such passengers shall have been taken on or discharged from such car."

While this is the statutory rule as to crossings and intersections, the jury may well find under a given state of facts that ordinary care would require a driver of an automobile to stop when going in the same direction as a street car which is taking on or discharging passengers at other points than crossings or intersections.

Sougstad v. Zils, 180 Wis. 464.

The portion of the statute quoted by appellant is not all of the statute. The statute also provides:

"No person shall operate or drive any automobile . . . recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person. . . ."

The space between the street-car rail and the curb was only twelve feet six inches; hence the automobile had to run so close to the rail as to make it specially dangerous to passengers alighting from the car. We think the evidence fully justifies the verdict of the jury on the question of the negligence of the defendant. Sub. 1, sec. 1636—49, Stats. 1921.

The plaintiff was a young woman working at the Falk Company, and as the car approached the stopping place she arose and went to the door for exit, another young woman following her. The door was opened and she stepped out upon the street and made one or two steps, when she was immediately struck by the automobile, knocked down, and dragged some distance. It is claimed that she was negligent in failing to look for an automobile, and, if she looked, in failing to see it. We must take into account the situation as applicable to passengers alighting from street cars. The passenger stands facing at right angles from the direction in which the automobile is coming. If the automobile is some little distance away the passenger will not see it until she steps out upon the street. In alighting from the street car the passenger must watch her step, and she may reasonably expect that she may alight with safety. A street-car passenger may naturally assume that an automobile will not attempt to pass a street car which is discharging passengers, so close as not to allow reasonable space for the passenger to step from the car onto the street and free from the car. In order that street cars may operate efficiently, passengers are

required to get off and on cars promptly. In doing so they cannot take much time to gaze up and down the street. They have a right to assume that automobile drivers will give them a reasonably safe space near the car in which they may stand with immunity from passing vehicles. This is nothing more than the common-law rule of ordinary care. The jury had the right to take these things into consideration and to draw the conclusion, which they did, that the plaintiff was not guilty of negligence.

On the question of damages we need only say that we have gone over the evidence with care and feel that the jury were within their province under the evidence in assessing the damages. No good purpose will be subserved by discussing the matter further.

*By the Court.*—The judgment of the circuit court is affirmed.